T.C. Summary Opinion 2002-25

UNITED STATES TAX COURT

TERENCE M. TAYLOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1340-00S.                    Filed March 28, 2002.

Terence M. Taylor, pro se.

<u>Raymond M. Boulanger</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $5,757 for the taxable year 1997.

The issues for decision are: (1) Whether petitioner is entitled to head of household filing status; (2) whether petitioner is entitled to three dependency exemption deductions; and (3) whether petitioner is entitled to an earned income credit. Petitioner does not dispute respondent's determination that he is liable for self-employment income tax and entitled to a deduction therefor.

Petitioner resided in Buffalo, New York, on the date the petition was filed in this case.

Petitioner has three children who have resided with him from birth: Tamaris L. Taylor, now deceased, Lakeda S. Taylor, and Twila N. Taylor. At the end of the year in issue, these children were 20, 17, and 6 years old, respectively. Petitioner worked 20 hours per week, Tamaris was not employed, and Lakeda and Twila were in school. The children's mother resided in a portion of the same house as petitioner and the children and was employed as a dietician. Petitioner and the children's mother have never been married, and custody of the children has never been legally established.

Petitioner filed a Federal income tax return for taxable year 1997 as a head of household. He claimed three dependency exemption deductions, one for each of his children, and he claimed an earned income credit with two qualifying children-- Lakeda and Twila. He reported the following income tax liability:

| | |
|---|---|
| Wage income | $11,126 |
| Standard deduction | 6,050 |
| Personal exemption deduction | 2,650 |
| Dependency exemption deductions | 7,950 |
| Taxable income | -0- |
| | |
| Total tax | -0- |
| Earned income credit | 3,656 |

In the statutory notice of deficiency, respondent changed petitioner's filing status to single, disallowed the three dependency exemption deductions, and disallowed the full amount of the claimed earned income credit, because petitioner had not provided supporting information.

At trial, respondent's sole argument was that petitioner is not entitled to head of household filing status, the dependency exemption deductions, and the earned income credit, because he has not provided documentary evidence proving he has legal custody of the children.

Among other requirements, a taxpayer generally is entitled to a dependency exemption deduction for a child if the taxpayer provides over half of the child's support during the taxable year. Secs. 151(a), (c), and 152(a). The child's gross income

must not exceed the exemption amount, or the child must be either under the age of 19 or a student under the age of 24. Sec. 151(c)(1).

Generally, an unmarried taxpayer is entitled to head of household filing status if the taxpayer maintains a household which is the principal place of abode of at least one unmarried child. Sec. 2(b)(1).

Under section 32, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income, subject to certain limitations. Sec. 32(a)(1). Any individual with a qualifying child is an eligible individual. Sec. 32(c)(1). As is relevant here, the definition of a qualifying child for purposes of section 32 includes a child of a taxpayer who has the same principal place of abode as the taxpayer for more than half of the taxable year. Sec. 32(c)(3)(A). A qualifying child must be either under the age of 19 (or a student under the age of 24) at the close of the taxable year, or be permanently and totally disabled at any time during the year. Sec. 32(c)(3)(C).

We found petitioner to be a credible witness and accept his testimony concerning his relationship with his children and their residence during the year in issue. On these facts, we find it unnecessary for petitioner to produce legal documentation proving he had custody of his children during that year, as respondent

argues is necessary. Petitioner has established to our satisfaction that he meets the requirements for each of the relevant Code provisions. With respect to the dependency exemption deductions, filing status, and earned income credit, there is scant evidence in the record concerning the financial support of the children, the cost of maintaining their household, or the income of the children's mother. However, because respondent was clear at trial that his sole disagreement with petitioner was over legal custody of the children, we find that respondent has conceded these issues. We accordingly hold that petitioner is entitled to head of household filing status, the dependency exemption deductions, and the earned income credit as claimed.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.